UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATG Capital LLC, et al.,

                Plaintiffs,

        –v–

MGT Capital Investments, et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 07 2018
```

17-cv-2440 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    In an order dated March 19, 2018, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' amended complaint. Dkt. No. 63 (Opinion). The Court granted the motion as to Plaintiffs' tortious interference with contract and third-party beneficiary breach of contract claims but denied it as to Plaintiffs' unjust enrichment claim. *See* Opinion at 21.

    Defendants now move for reconsideration of that order pursuant to Local Rule 6.3. *See* Dkt. No. 64. For the reasons that follow, the Court denies the motion.

    "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). In other words, a motion for reconsideration may be granted only when the moving party can point to "matters . . . that might reasonably be expected to alter the conclusion reached by the Court." *Hernandez v. Loans*, 16 Civ. 3755, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (quoting *In re JPMorgan Chase & Co. Derivative Litig.*, No. 12 Civ. 03878, 2014 WL 3778181, at *1

(S.D.N.Y. July 30, 2014)). "The standard for granting a motion for reconsideration is strict because reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276, 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (citation and internal quotation marks omitted).

Here, Defendants raise two arguments in support of their motion for reconsideration. First, they contend that the Court should have dismissed the unjust enrichment claim because valid contracts govern the subject matter of Plaintiffs' claim, "thus precluding any attempt to plead under a quasi-contract theory under New York law." *See* Dkt. No. 65 (Def. Memo) at 4. Defendants insist that the Court applied an excessively narrow standard when it concluded that "it [was] unclear whether the existing contracts 'cover[ed] the dispute in question,'" Opinion at 18, and thus declined to dismiss the unjust enrichment claim at the motion to dismiss stage, *see id.*; Def. Memo at 4-8. Second, Defendants contend that the Court should have dismissed the unjust enrichment claim because Plaintiffs still hold their Notes and therefore have not suffered a cognizable loss. Def. Memo at 8-9.

Defendants do not point to any facts or law that the Court overlooked that would alter the Court's conclusion in its March 19, 2018 order.

Accordingly, the Court denies Defendants' motion for reconsideration. This resolves Docket Number 64. Defendants shall file an answer within seven days of the date of this Order.

SO ORDERED.

Dated: May 4, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge